IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERNELL EDWARDS,<br><br>          Plaintiff,<br><br>     v.<br><br>BILL GATES, DONALD TRUMP, HOWARD HUGHES, THE MAYOR AND GOVERNOR OF THE STATE OF CAMDEN NEW JERSEY, THE OWNER OF CAMDEN NEW JERSEY AND NEW JERSEY STATE OWNER, BILL CLINTON, GEORGE W. BUSH, JR., GEORGE BUSH, SR., and WILL SMITH THE ACTOR<br><br>          Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-6084 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, pro se Plaintiff Vernell Edwards (hereinafter, "Plaintiff"), generally alleges in an incoherent narrative that various defendants have stolen his identity as the President of the United States and a member of the "United Kingdom of England Royal Family" and conspired to keep him homeless and destitute. (See generally Compl. [Docket Item 1].) Because Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

    1.   Because Plaintiff's application reflects that he is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit

the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.

    2.   Section 1915(e)(2)(B), however, requires the Court to screen Plaintiff's Complaint and to dismiss any frivolous or malicious claim, any claim that fails to state a ground upon which relief may be granted, and/or any claim that seeks monetary damages from a defendant with immunity. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

    3.   Under Federal Rule of Civil Procedure 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To prevent a summary dismissal, a complaint must allege sufficient factual matter, accepted as true, to show that the claim is plausible on its face. A facially plausible claim is one that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678). In determining the

sufficiency of a pro se complaint, the Court must construe it liberally in favor of the plaintiff. United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The court will not credit legal conclusions or "recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678; see also Santiago v. Warminster Tp., 629 F.3d 121, 128 (2010).

    4.   Based on the Court's review of Plaintiff's Complaint, the Court has determined that the Complaint is frivolous and should, consequently, be dismissed under § 1915(e)(2)(B)(i). An action is frivolous if it "lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under § 1915(e), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Id. at 327-28; see also Deutch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995) (interpreting § 1915(d), processor to § 1915(e))

    5.   Plaintiff's Complaint is a handwritten jumble of allegations that are mostly incomprehensible and from which the Court can glean no cognizable causes of action. The Complaint opens with the allegation that "I was in a war I sign at the White House against the defendants, the defendant road on me until I was Homeless and they use all my money meaning was using

3

money belong to me to keep me Homeless using United KingDom equipment to Robb Banks." Complaint § III-C. This is typical of the utterly incoherent narrative and claims that continue for nearly ten handwritten pages. Plaintiff's bizarre and indecipherable allegations are nothing if not "fantastic or delusional." Neitzke, 490 U.S. at 328.

    6.   Accordingly, this Complaint will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2). Amendment of the Complaint would be futile.

    7.   An accompanying Order will be entered.


**November 22, 2016**          **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
        Chief U.S. District Judge